IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON


UNITED STATES OF AMERICA


v.                                    CRIMINAL NO. 2:08-00157


IVAN H. LEE


RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY.

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on August 1, 2008, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A: Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:** At this time, the government is attempting to obtain the oral statement made by Defendant to officers on or about July 25, 2008. The government will immediately supplement this response with such information upon receipt.

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

**(I)** Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(I)]

**Response:** Attached please find a transcript of Defendant's recorded interview taken on or about January 4, 1995.

**(ii)** The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response:** Enclosed please find the following which contains information that is responsive to this request:

1. A copy of Report of Investigation prepared by ATF Special Agent (S/A) Shannon K. Sullivan on or about July 28, 2008 (identified as Report Number 6).

**(iii)** The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response:** Not applicable.

**Request C:** Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person

making the statement (I) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that persons's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)©]

**Response:** Not Applicable.

**Request D:** Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]

**Response:** Please find attached a copy of Defendant's criminal history.

**Request E:** Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]

**Response:** Please find attached copies of the following documents:

1. A copy of Report of Investigation prepared on or about November 28, 2005, by S/A Sullivan (identified as Report Number 1);

2. A copy of Report of Investigation prepared on or about January 31, 2006, by S/A Sullivan (identified as Report Number 5);

3. A copy of Report of Investigation prepared on or about November 28, 2005, by S/A Sullivan (identified as Report Number 2);

4. Two photographs of the firearm (and its magazine) identified in the above-styled indictment;

5. The Judgement and Conviction order for Defendant entered by Chief Judge Charles H. Haden, on or about September 21, 1992;

In addition, the government may introduce the following items at trial:

1. The Lorcin Model L380 firearm (and magazine) identified in the indictment; and,

2. The recording of the statement made by Defendant on or about January 4, 2005 (a copy of the CD containing that statement is contained herein).

**Request F: Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (I) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** Attached please find a copy of an analysis conducted on the firearm identified in the indictment by Firearms/Toolmarks Examiner Philip Kent Cochran, employed by the West Virginia State Police.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written**

summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]

**Response:** At trial the government may call Phillip Kent Cochran and attempt to qualify him as an expert in the field of Firearms/Toolmarks. Mr. Cochran is expected to testify that he test fired the Lorcin Model L380 firearm (identified in the indictment) and it functioned as designed. The government will attempt to qualify him as an expert based on his education, experience, and training.

The government may also call S/A Rick Summerfield with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. The government will attempt to qualify S/A Summerfield as an interstate nexus expert in the field firearms. S/A Summerfield is expected to testify that the firearm identified in the above-captioned indictment was not manufactured in West Virginia, and therefore traveled in interstate commerce. The government will attempt to qualify S/A Summerfield as an expert based on his education, training, and experience.

**Request H:   Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** At this time, the government is not aware of any such evidence.

**Request I:** Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.

**Response:** At this time, the government does not intend to introduce any evidence under the authority of Fed. R. Evid. 404(b).

**Request J:** Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.

**Response:** Not applicable.

**Request K:** Disclose to defendant any matter as to which the government will seek judicial notice.

**Response:** The government will seek judicial notice that Charleston, Kanawha County, West Virginia, is within the Southern District of West Virginia.

**Request L:** Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:** Not applicable.

**Request M:** Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:** The United States reserves the right to use all information and evidence disclosed herein at trial, including oral statements made by Defendant, or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to Defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

### REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 10 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

CHARLES T. MILLER
United States Attorney


/s/SAMUEL D. MARSH
SAMUEL D. MARSH
Assistant United States Attorney
WV Bar No. 6746
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: sam.marsh@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY." has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 12th day of August, 2008, to:

Michael D. Payne
Redman, Payne & Muldoon
Suite 1009
100 Capitol Street
Charleston , WV 25301


/s/SAMUEL D. MARSH
SAMUEL D. MARSH
Assistant United States Attorney
WV Bar No. 6746
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
Email:  sam.marsh@usdoj.gov