

U.S. Department of Justice

United States Attorney
Southern District of West Virginia

| United States Courthouse | Mailing Address |
|---|---|
| 300 Virginia Street East | Post Office Box 1713 |
| Charleston, WV 25301 | Charleston, WV 25326 |
| FAX: (304) 347-5104 | (304) 345-2200 |
| | 1-800-659-8726 |

**FILED**
SEP 1 0 2008
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

September 2, 2008

Michael D. Payne, Esquire
Redman, Payne & Muldoon
Suite 1009
100 Capitol Street
Charleston, West Virginia 25301

      Re:  United States v. Ivan H. Lee
           Criminal No. 2:08-00157 (USDC SDWV)

Dear Mr. Payne:

    This will confirm our conversations with regard to your client, Ivan H. Lee (hereinafter "Mr. Lee"). As a result of these conversations, it is agreed by and between the United States and Mr. Lee as follows:

    1.  **PENDING CHARGES**. Mr. Lee is charged in a one-count indictment as follows:

        (a)  Count One charges Mr. Lee with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(felon in possession of a firearm).

    2.  **RESOLUTION OF CHARGES**. Mr. Lee will plead guilty to Count One of said indictment, which charges him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(felon in possession of a firearm).

                                                 _/s/_
                                          Defendant's
                                          initials

3.   **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Mr. Lee will be exposed by virtue of this guilty plea is as follows:

(a)   Imprisonment for a period of ten (10) years;

(b)   A fine of $250,000.00 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)   A term of supervised release of three (3) years;

(d)   A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and,

(e)   An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664.

4.   **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Lee will tender a check or money order to the Clerk of the United States District Court for $100.00, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.  Mr. Lee will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If Mr. Lee fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Lee.

                                                    _____
                                                    Defendant's
                                                    initials

    5.   **PAYMENT OF MONETARY PENALTIES.**  Mr. Lee agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Lee further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    6. **WAIVER OF APPEAL AND COLLATERAL ATTACK.**  The parties retain the right to seek appellate review of the District Court's determination of the Sentencing Guideline range, if an objection is properly preserved.  Nonetheless, Mr. Lee knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court on any other ground, so long as that sentence is below or within the Sentencing Guideline range determined by the District Court prior to any departure or variance.  Similarly, the United States waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court on any other ground, so long as that sentence is within or above the Sentencing Guideline range determined by the District Court prior to any departure or variance.

    Mr. Lee also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

_____
Defendant's initials

Mr. Michael D. Payne, Esquire
September 2, 2008
Page 4                                              Re:   Ivan H. Lee

7. **COOPERATION.** Mr. Lee will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Lee may have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Lee, nothing contained in any statement or testimony provided by Mr. Lee pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Lee, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Lee for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Lee for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **WAIVER OF STATUTES OF LIMITATIONS AND PRETRIAL DELAY.** Mr. Lee knowingly and voluntarily agrees that in the event (a) this agreement is voided or not accepted by the District Court, (b) he withdraws from the agreement, or (c) his conviction is vacated for any reason, then any indictment or counts this Office has agreed to dismiss at final disposition, and any prosecution of an offense or offenses that were completed as of the date defendant executes this agreement and that could be joined with such indictment or counts under Fed. R. Crim. P. 8, may be commenced or reinstated against him. Any such prosecution, however, must be commenced or reinstated not later than six months after the occurrence of one of the

_____<br>Defendant's initials

conditions in (a), (b) or (c) above. Mr. Lee knowingly and voluntarily waives all defenses based on the applicable statutes of limitations, and pre-indictment delay under the Federal Rules of Criminal Procedure or the Constitution, with respect to any such potential future prosecution.

11. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Lee knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

12. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Lee;

(f) Advise the Court concerning the nature and extent of Mr. Lee's cooperation; and

(g) Address the Court regarding the issue of Mr. Lee's acceptance of responsibility.

_____
Defendant's
initials

Mr. Michael D. Payne, Esquire
August 29, 2008
Page 6                                          Re:   Ivan H. Lee

13. **VOIDING OF AGREEMENT**. If either the United States or Mr. Lee violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

14. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Mr. Lee in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Lee in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                    CHARLES T. MILLER
                    United States Attorney

By:   Samuel D. Marsh
     Assistant United States Attorney

SDM/smw

                                        Defendant's initials

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this six-page agreement that I have read and carefully discussed every part of it with my attorney, Michael D. Payne, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney, Michael D. Payne has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney, Michael D. Payne in this matter.

_____  \_\_9/9/08_____
IVAN H. LEE                           Date Signed
Defendant

_____  \_\_9-9-08_____
MICHAEL D. PAYNE                      Date Signed
Counsel for Defendant